DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JOSE RODRIGUEZ, III and JOSEPHINE** )<br>**MATILDA FONTAINE-RODRIGUEZ, as** )<br>**Tenants by Entirety in Fee Simple forever,** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No. 2016-0049** |

**Attorneys:**
**A. J. Stone, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 32) filed by Plaintiff Lakeview Loan Servicing, LLC ("Plaintiff") against Defendants Jose Rodriguez, III and Josephine Matilda Fontaine-Rodriguez, as Tenants by Entirety (collectively "Defendants"). For the reasons discussed below, the Court will grant Plaintiff's Motion.

### I.   BACKGROUND

On July 6, 2016, Matrix Financial Services Corporation ("Matrix") filed a Complaint against Defendants alleging causes of action for debt and foreclosure of a real property mortgage. (Dkt. No. 1 at ¶¶ 6-12). Matrix asserted that Jose Rodriguez, III ("Rodriguez") defaulted on a Promissory Note and both Defendants defaulted on a First Priority Mortgage attached to real property described as:

>Plot No. 150 Estate Barren Spot, King Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.2821 U.S. acre, more or less, as more fully shown and described on OLG Drawing No. 4266 dated March 25, 1985.

(the "Property"). *Id.* at ¶¶ 6-10, 14-15.

In its Complaint, Matrix alleges that on November 18, 2009, Rodriguez executed and delivered to Flagstar Bank, FSB ("Flagstar") a promissory note ("Note"), agreeing to pay Flagstaff the principal amount of $173,665.00, together with interest at a rate of 5.50% per annum, in consecutive monthly installments of $985.99 beginning January 1, 2010. *Id.* at ¶¶ 7-8. To secure payment on the Note, Defendants granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated November 18, 2009 over the Property ("Mortgage"). *Id.* at ¶ 10. The Mortgage was then filed with the Recorder of Deeds on November 19, 2009. *Id.*

The Complaint further alleges that, beginning on or about August 1, 2015, Defendants defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due; that Flagstar gave Defendants notice of the default advising them that failing to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* at ¶¶ 14-17. Matrix further claims that on June 15, 2016, MERS—for itself and as nominee for Flagstar—assigned their entire interest in the Property to Matrix. That Assignment was duly recorded with the Recorder of Deeds on June 23, 2016. *Id.* at ¶ 25.

In the Complaint, Matrix alleges that Rodriguez owes it the unpaid principal balance; unpaid interest accrued; advances, expenses, fees, costs and late charges. In addition, Matrix claims Rodriguez owes it for insurance premiums, taxes, and reasonable attorneys' fees and expenses under the terms of the Mortgage. *Id.* at ¶¶ 19-23. Finally, Matrix alleges in the Complaint

2

that it is entitled to enforce the Note and Mortgage; that Defendants are in default under the terms and conditions of the Note and Mortgage; and that Matrix is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Rodriguez. *Id.* at ¶¶ 20, 26-27.

Defendants were served personally with a copy of the Summons and Complaint on October 10 and 11, 2016. (Dkt. Nos. 12, 13). Neither Defendant has answered the Complaint nor appeared in this action. The Clerk filed an Entry of Default against Defendants on December 12, 2016. (Dkt. No. 21).

In February 2017, Matrix filed a Motion for Substitution of Parties. (Dkt. No. 23). In the Motion, Matrix reported that it had assigned its entire interest in the Mortgage and Property to Lakeview Loan Servicing, LLC ("Plaintiff"), and the assignment was recorded with the St. Croix Recorder of Deeds. (Dkt. Nos. 23, 23-1). The Motion was granted, and Lakeview was substituted as Plaintiff in the case. (Dkt. No. 24).

Thereafter, Plaintiff filed the instant Motion for Default Judgment (Dkt. No. 32), along with a Memorandum in Support, a "Declaration of Amounts Due," and a Declaration of Counsel in Support of Plaintiff's request for attorneys' fees and expenses (collectively "Motion") (Dkt. Nos. 33-35). In the Motion, Plaintiff asserts that it possesses the Note and is entitled to enforce the same. (Dkt. No. 34 at ¶ 5). In addition, Plaintiff seeks a default judgment for the entire amount due under the Note against Jose Rodriguez, plus expenses, interest, and attorneys' fees, and to foreclose the Mortgage against both Defendants. (Dkt. No. 33 at 1-4).

Plaintiff further argues that the procedural elements for default judgment have been satisfied because: Defendants were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants or incompetent persons, nor in the

3

military service. (Dkt. No. 33 at 7). Plaintiff also contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Rodriguez executed the Note and both Defendants executed the Mortgage; Plaintiff has possession of the original Note and is holder of the Mortgage; Defendants defaulted under the terms of the Note and Mortgage; Defendants were given proper notice of the default and they failed to cure the default; and Plaintiff's predecessor-in-interest properly elected to accelerate the amounts due and owing and foreclose on the Property. *Id.* at 6. In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). (Dkt. No. 33 at 6-9). Finally, Plaintiff asserts that it is entitled to an award of attorneys' fees and expenses incurred in pursuing this action. (Dkt. No. 33 at 9-10).

In support of the Motion, Plaintiff filed a "Declaration of Amounts Due," signed by Vanessa M. Ellison, an employee of Plaintiff's loan servicer, who explained how Plaintiff's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 34 at ¶¶ 2-4). The Affidavit sets forth the amounts due and owing through February 1, 2017: an unpaid principal balance of $158,454.65; interest from July 1, 2015 through February 1, 2017 of $13,798.75; escrow advances of $4,525.57 for hazard insurance and property taxes; accumulated late charges of $313.98 for payments missed between August 17, 2015 and January 2016; and recoverable corporate balance of $2,451.36 for monthly inspection fees, title fees, and unspecified legal costs and attorneys' fees; for a total amount due of $179,544.31. *Id.* at ¶¶ 12-15; Exh. 4-6. Ms. Ellison asserts that interest accrues on the outstanding debt at the per diem rate of $23.88. *Id.* at ¶ 16. In addition, Ms. Ellison averred that she investigated whether Defendants were in the military service by conducting a search on

the Department of Defense Manpower Data Center website, and found no information that either Defendant was in the military service. (Dkt. Nos. 34 at ¶ 18; 34-8). She also averred that she had no information that Defendants were either minors or incompetent. *Id.* at ¶ 18.

Attorney A.J. Stone also submitted a Declaration in support of attorneys' fees and expenses which provided an accounting of professional legal services incurred in this matter, totaling $4,175.00 (16.7 hours at $250 per hour), and expenses of $1,176.00, for a total of $5,351.00. (Dkt. No. 35-1). Plaintiff also presented affidavits from two other attorneys asserting that $250 per hour for an attorney with Attorney Stone's level of legal experience was reasonable in the Virgin Islands. (Dkt. No. 33-2, 33-3).

## II.   APPLICABLE LEGAL PRINCIPLES

In order to obtain judgment against Defendants in a debt and foreclosure action, Plaintiff must establish that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (V.I. 2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); Fed. R. Civ. P. 8(b)(6). "Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court." *Bank of Nova Scotia*

*v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (citing *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.,* 189 F.3d 242, 244 (3d Cir. 1951)).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019) (quoting *Flagstar Bank, FSB v. Rivers,* 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III. DISCUSSION

#### A. Default Judgment

In its pleadings, Plaintiff has set out facts relating to each element of its debt and foreclosure claim. Plaintiff alleges, and the documents support, that Rodriguez executed the Note and that both Defendants executed the real estate mortgage. (Dkt. No. 1 at ¶¶ 6-12). In addition, Plaintiff asserts, and its documents support, that Defendants are in default under both the terms of the Note and Mortgage. *Id. at* ¶¶ 14-17. Finally, Plaintiff has shown that, although the Note and Mortgage were originally executed and delivered to Flagstar and MERS, all interest in the Note

and Mortgage was assigned to Matrix, which later assigned its entire interest to Plaintiff. (Dkt. Nos. 1 at ¶¶ 25-28; 23). Accordingly, Plaintiff is entitled to foreclose on the property mortgaged as security for the Note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. at 793.

Plaintiff also has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has properly shown that: (1) default was entered against Defendants by the Clerk of Court (Dkt. No. 21); (2) Defendants have not appeared; (3) Defendants are neither infants nor incompetent persons (Dkt. No. 34 at ¶ 18); and (4) Defendants were validly served with process. (Dkt. Nos. 12, 13). In addition, Plaintiff established that it investigated and found no information indicating that either Defendant was in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931. (Dkt. Nos. 34 at ¶ 18; 34-8).

Finally, Plaintiff has shown with specificity how it calculated the amount of the judgment. (Dkt. Nos. 34). The Declaration of Indebtedness and exhibits attached thereto support each category of damages Plaintiff seeks, with the exception of $2,241.36 in attorneys' fees and legal costs included in the Corporate Advances category. Plaintiff has failed to support its claim for attorneys' fees and legal costs included in this category with any explanatory information. The Court is, therefore, unable to determine whether the attorneys' fees and costs are, in fact, compensable and whether the amount sought is reasonable. The Court will therefore deny the portion of the Corporate Advances identified as attorneys' fees and legal costs in the amount of $2,241.36. This reduces the allowable amount for Corporate Advances to $210.00. Accordingly, the total indebtedness is $177,302.95 as of July 1, 2017, with interest accruing at $23.88 per diem until the date of judgment. (Dkt. No. 34 at ¶¶12-16; Exh. 4-6).

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Defendants' breach of their contractual obligations, together with the apparent

absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Defendants is appropriate.

### B.  Attorneys' Fees and Expenses

Plaintiff has requested an award of attorneys' fees and expenses totaling $5,351.00 and has provided a Declaration of Attorney Stone and a billing statement in support. (Dkt. Nos. 35; 35-1). The award of attorneys' fees in the Virgin Islands is governed by 5 V.I.C. § 541(b). The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorneys' fees. (Dkt. Nos. 34-1 at ¶ 6(E); 34-2 at ¶ 24). Further, under Virgin Islands law, attorneys' fees must be reasonable. *Rainey v. Hermon*, 55 V.I. 875, 880-81 (2011); *see also Abramovitz v. Lynch*, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts will not enforce contractual provisions that allow unreasonable attorneys' fees). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546, at *3 (D.V.I. April 12, 2019).

To determine a fair and reasonable award of attorneys' fees under § 541(b), the Court considers factors including the reasonableness of the time and labor involved, the skill required,

customary charges for similar services in the locality, the benefits obtained from the service and the certainty of compensation. *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543923 at *1 (D.V.I. June 12, 2017); *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008).

When considering these factors, the Court undertakes a two-step inquiry in examining the reasonableness of attorneys' fees. First, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Williams*, 2017 WL 2543923 at *2. Second, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546 at *3 (*quoting Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298 at *6 (D.V.I. Oct. 31, 2013)).

Plaintiff seeks recovery of attorneys' fees at an hourly rate of $250.00 per hour for Attorney A.J. Stone, III, Esq. (Dkt. No. 35, at 2). Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). The Court concludes that the $250.00 per hour rate charged here is reasonable and falls within the scope of rates for such services. (Dkt. No. 35 at ¶ 7). Further, after evaluating the hours billed by Attorney Stone, the Court finds that the 16.7 hours spent in the legal work on this case were reasonably expended. Accordingly, the Court finds that the attorneys' fees sought by Plaintiff in the amount of $4,175.00 are reasonable.

With regard to expenses, under the terms of the Mortgage, Defendants agreed to "pay[] all expenses incurred in enforcing this Security Instrument . . . ." (Dkt. No. 34-2 at ¶ 9). The Virgin Islands Supreme Court has recognized that there is a difference between "costs" allowed by statute and "expenses." *Terrell v. Coral World*, 55 V.I. 580, 591 n.14 (V.I. 2011). Still, any costs and expenses claimed by counsel must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (statutory costs allowed unless unreasonable); *Rainey v. Hermon*, 55 V.I. at 886 ("expenses" compensable under attorney-client contract must be reasonable). Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate and may be recovered. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6 (May 11, 2016).

Plaintiff's counsel is seeking reimbursement of $1,176.00 for the following expenses incurred: title search, recording fees, filing fees for the Complaint, and process server fees. (Dkt. No. 35-1 at 2). Having determined that the expenses incurred are compensable and reasonable, the Court—pursuant to the plain language of the Mortgage—will award expenses in the amount of $1,176.00.

## IV. CONCLUSION

Because Plaintiff has satisfied the requirements necessary for entry of a default judgment, the Court will grant Plaintiff's Motion for Default Judgment against Jose Rodriguez III and Josephine Matilda Fontaine-Rodriguez (Dkt. No. 32) on the debt and foreclosure causes of action in the Complaint. In this regard, the Court will award Plaintiff an unpaid principal balance of $158,454.65; interest from July 1, 2015 through February 1, 2017 of $13,798.75; escrow advances of $4,525.57 for hazard insurance and property taxes; accumulated late charges of $313.98 for payments missed between August 17, 2015 and January 2016; and a reduced corporate balance of

$210.00 for monthly inspection fees; for a total amount due of $177,302.95 as of February 1, 2017. Plaintiff also is entitled to judgment for accrued per diem interest at the rate of $23.88 from February 2, 2017, through the date of this judgment, in the amount of $28,560.48 for a total award of $205,863.43. In addition, the Court will award $4,175.00 in attorneys' fees and $1,176.00 in expenses, for a total award of attorneys' fees and expenses of $5,351.00 through May 16, 2017.

    An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 12, 2020                          _____/s/_____
                                                        WILMA A. LEWIS
                                                        Chief Judge